# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2074
Lower Tribunal No. F00-27015
_____

**Nathaniel Morrow,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christine Hernandez, Judge.

Daniel J. Tibbitt, P.A., and Daniel J. Tibbitt, for appellant.

James Uthmeier, Attorney General, and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before LOGUE, GORDO and BOKOR, JJ.

GORDO, J.

Nathaniel Morrow appeals the trial court's denial of his second motion for postconviction relief based on newly discovered evidence following an evidentiary hearing. We have jurisdiction. Fla. R. App. P. 9.140(b)(1)(D); 9.141(b)(3). We affirm.

Morrow filed a motion for newly discovered evidence based on a witness affidavit of recantation. The trial court held a full evidentiary hearing. At the hearing, the witness testified that he was never robbed and that his 2003 trial testimony was false. The trial court found the recantation incredible based on the inconsistencies and omissions between the affidavit and testimony at the evidentiary hearing. Importantly, the trial court also noted there were two separate additional eyewitnesses at trial that unequivocally identified Morrow as the man armed with a firearm on the day of the robbery and corroborated the details of the armed robbery.

"Florida law treats recantations with suspicion[.]" McLin v State, 827 So. 2d 948, 955 (Fla. 2002). "Recanted testimony is a form of newly discovered evidence, and postconviction relief predicated upon recanted testimony will not entitle a defendant to a new trial unless (1) the trial court is satisfied that the recantation is true; and (2) the witness' testimony will change to such an extent as to render probable a different verdict." Ferguson

v. State, 306 So. 3d 985, 989 (Fla. 3d DCA 2020) (citing Armstrong v. State, 642 So. 2d 730, 735 (Fla. 1994)).

Upon review of the record, we find there was competent substantial evidence for the trial court to conclude the recantation was not credible and that the newly discovered evidence was unlikely to render a different verdict. See Ferguson, 306 So. 3d at 989-90 ("[R]ecanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. . . . Where a newly discovered evidence claim is based on an admission of an act of perjury or false statement, the issue of witness credibility generally predominates, and we must be highly deferential to a trial court's determinations in that regard. We will not substitute our judgment for that of the trial court, recognizing the trial court's superior vantage point in assessing the credibility of witnesses and in making findings of fact." (internal quotation marks and citations omitted)). Accordingly, we affirm.

Affirmed.